## Commonwealth ex rel. Sharp v. Day, Warden

*Jerome Sharp, p. p.,* for petitioner.

KNIGHT, P. J., May 24, 1954. — Jerome Sharp, a prisoner at the Graterford branch of the Eastern State Penitentiary, sent by registered mail to the prothonotary of this court, a document which he labels a petition.

In it he complaints that he was denied the right to send a petition for a writ of habeas corpus because three copies of the petition were not enclosed in the envelope; that he complained to a representative of the warden that the letter was not sent and was told by this representative to get out of his office; that he demanded that this representative arrange for him, petitioner, an interview with the warden and this was refused.

Petitioner declares that these actions of the prison officials violated his constitutional rights. The actions complained of are all matters of internal management of the prison with which this court cannot interfere.

We know of no provision of the Constitution that would prevent the officers of the prison from requiring three copies of the petition for a writ of habeas corpus to accompany the petition. Notice must be given to the district attorney, the Attorney General, and perhaps to the Parole Board, and the court cannot be expected to prepare these copies for petitioner.

Likewise, we know of no constitutional right petitioner has to interview the warden, particularly when he was granted an interview with his representative. Granted, the representative may have been curt with petitioner, but petitioner's attitude and conduct may have warranted such treatment.

Petitioner requests the court to subpœna the officers of the penitentiary so that they may face him and that this court enjoin said officers from hampering petitioner in regard to his legal rights.

This prayer for relief violates about every concept of orderly legal procedure. We fully realize that laymen in prison deprived of skilled legal advice cannot

be expected to comply with all the technicalities that characterize legal proceedings, but we also think that just because they are in prison does not entitle them to any special privileges not enjoyed by those on the outside. They have no right to expect the judges to act as their advocates and prepare their papers for them. We may overlook technical defects, but we do insist that their petitions set forth sufficient legal grounds of complaint, and this petitioner has utterly failed to do.

And now, May 24, 1954, the petition is dismissed.